IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| OTMAR PETER WITTINE, | Cause No. CV 21-88-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | ORDER |
| GRIEVANCE COORDINATOR SGT. RILEY; WARDEN TOM GREEN, | |
| Defendants. | |

On August 9, 2021, Plaintiff Wittine, a self-represented state pretrial detainee, moved to proceed in forma pauperis with a complaint alleging that the grievance coordinator at the Dawson County Correctional Facility is violating his rights by silencing or censoring his grievances. *See* Compl. (Doc. 2) at 5. On September 15, 2021, Wittine filed an amended complaint. *See* Am. Compl. (Doc. 5).

**I. Motion to Proceed In Forma Pauperis**

Wittine adequately demonstrates that he is not able to pay the full filing fee at this time. *See* Mot. (Doc. 1); Account Statement (Doc. 1-1). His motion to

1

proceed in forma pauperis will be granted. *See* 28 U.S.C. § 1915(a)(1).

Because Wittine is a prisoner, *see id*. § 1915(h), he is still required to pay a $350.00 filing fee in installments taken from his inmate trust account and consisting of 20% of each month's deposits into the account, provided the balance is at least $10.00. The Court will waive the initial partial filing fee because it is not clear, in view of his filing of three actions, that Wittine could pay it. The total fee and the rate of withdrawal are established by Congress and cannot be altered by the Court. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1), (2), (4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). A collection order accompanies this Order.

## II.  Screening

Because Wittine is a prisoner and is proceeding in forma pauperis, the Court must review the complaint to determine whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(a), (b)(1). A federal court must liberally construe pleadings filed by unrepresented prisoners and extend an opportunity to amend where appropriate. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Nonetheless, the Court must dismiss a claim when its defects cannot be cured by amendment. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).

### III.  Allegations of the Amended Complaint

The amended complaint adds to the original complaint.  The Court will read both documents together.  *See* Fed. R. Civ. P. 15(a).

Wittine, a pretrial detainee, alleges that he is entitled to paper copies of the Dawson County jail's grievance process and forms and cannot be required to pay for them.  Instead, the facility uses a tablet interface that is available to inmates every few days.  *See* Compl. (Doc. 2) at 12–13 ¶¶ A–B; Compl. Ex. (Doc. 2-1) A1–A2.  Wittine also contends that he is entitled to have the Director of the Montana Department of Corrections review his grievances.  *See* Compl. at 13–14 ¶ C.  He contends that both Riley and Green are blocking his grievances from reaching the Director of the Department of Corrections and the Medical Director of the Department of Corrections.  *See* Am. Compl. (Doc. 5) at 3–4.  He seeks declaratory and injunctive relief, costs, and punitive damages.  *See id*. at 5, 15.

### IV.  Analysis

Wittine asserts federal-question jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331.  *See* Compl. at 3 ¶ II(A), (B).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S.

3

42, 48 (1988); *Campbell v. State of Washington Dep't of Soc. and Health Servs.*, 671 F.3d 837, 842 n. 5 (9th Cir. 2011).

Prisoners have a First Amendment right to file grievances with prison authorities. *See, e.g.*, *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015). But prisoners are not entitled to a specific prison grievance procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

Wittine's exhibits (Doc. 2-1) indicate he seeks the benefit of particular rules, that is, a specific grievance procedure. At least some of these rules, such as appeal to the Department of Corrections, likely do not apply to pretrial detainees, who are not in the custody of the Department of Corrections. At any rate, Wittine's exhibits in this case and others clearly demonstrate that he is able to present grievances to prison officials and to write to other public officials. *See* Compl. Ex. (Doc. 2-1) at 1–14; *see also* Compl. Ex. (Doc. 2-1) at 1–38, *Wittine v. Beasley, et al.*, Cause No. CV 21-91-BLG-SPW-TJC (D. Mont. Aug. 19, 2021); Compl. Ex. (Doc. 2-1) at 1–24, *Wittine v. Zavatsky*, Cause No. CV 21-93-BLG-SPW-TJC (D. Mont. Aug. 23, 2021). The ability to present grievances and reach out to public officials is what the First Amendment requires. Consequently, the facts Wittine alleges do not violate the First Amendment.

Wittine also cites the Fourteenth Amendment. *See* Compl. (Doc. 2) at 3 ¶ II(B). The First Amendment applies to the States through the Fourteenth. *See, e.g.*, *Edwards v. South Carolina*, 372 U.S. 229, 235 (1963). And First Amendment rights are protected liberty interests. *See Procunier v. Martinez*, 416 U.S. 396, 418 (1974), *limited on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989). But even if a jail does not follow its own grievance process, such failure does not, by itself, deprive inmates of their First Amendment rights. Wittine's ability to present grievances and reach out to public officials outside the jail grievance process shows he was not, in fact, deprived of a liberty interest.

## V.  Conclusion

Wittine's complaint and amended complaint do not allege facts supporting an inference that Defendants Riley and Green are depriving him of his First Amendment right to petition for redress of grievances or of his Fourteenth Amendment right to due process. Because the facts he alleges do not violate the Constitution, amendment could not cure the defects of the complaint. The law governing the case is well-established and not subject to dispute among reasonable jurists. An appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A), (4)(B). The complaint should be dismissed with prejudice.

Based on the foregoing, the Court enters the following:

**ORDER**

Wittine's motion to proceed in forma pauperis (Doc. 1) is GRANTED.

The Court also enters the following:

**RECOMMENDATION**

1. Wittine's complaint (Doc. 2) and amended complaint (Doc. 5) should be DISMISSED WITH PREJUDICE and without leave to amend for failure to state a claim on which relief may be granted.

2. The docket should reflect that Wittine's filing of this action counts as one strike under 28 U.S.C. § 1915(g).

3. The District Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from its disposition would not be taken in good faith.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Wittine may object to this Findings and Recommendation within 14 days. *See* 28 U.S.C. § 636(b)(1).[1]  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[1] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served."  Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.

<u>Wittine must immediately advise the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of this action without notice to him.

DATED this 13th day of October, 2021.

                                            */s/ Timothy J. Cavan*
                                            Timothy J. Cavan
                                            United States Magistrate Judge