IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| OTMAR PETER WITTINE,<br><br>Plaintiff,<br><br>vs.<br><br>GRIEVANCE COORDINATOR SGT. RILEY; WARDEN TOM GREEN,<br><br>Defendants. | CV 21-88-BLG-SPW<br><br>ORDER ADOPTING MAGISTRATE'S FINDINGS AND RECOMMENDATIONS |

The United States Magistrate Judge filed Findings and Recommendations on October 13, 2021. (Doc. 6). The Magistrate recommended that Plaintiff Otmar Peter Wittine's case be dismissed for failure to state a claim upon which relief may be granted. (Doc. 6 at 6).

Plaintiff filed a timely objection to the Findings and Recommendations on October 26, 2021. (Doc. 8). Plaintiffs are entitled to de novo review of those portions of Judge Cavan's Findings and Recommendation to which they properly object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify, in whole or in part, those findings and recommendations properly objected to. 28 U.S.C. § 636(b)(1). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds

1

objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Lance v. Salmonson*, 2018 WL 4335526, at *1 (D. Mont. Sept. 11, 2018) (quoting *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010)). Simply restating the party's argument previously made before the magistrate judge is not a sufficient objection. *Id.*

Absent an objection, a court reviews a magistrate's findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

On October 13, 2021, Judge Cavan granted Plaintiff's motion to proceed in forma pauperis but found that Plaintiff's Complaint and Amended Complaint failed to allege facts supporting a claim that Defendants deprived him of his First Amendment right to petition for redress of grievances or of his Fourteenth Amendment right to due process. (Doc. 6 at 4-5). Plaintiff asserted that he was being denied access to specific grievance processes within the Montana prison system unfairly and that the warden of the prison was acting unlawfully as a medical services director in the grievance review process. (*See* Docs. 2 & 5). Judge Cavan found that, while prisoners have a First Amendment right to file a grievance

to prison authorities, that right does not entitle prisoners to a specific grievance procedure. (Doc. 6 at 4). Further, Plaintiff's ability to file this present case contradicts his claim that he is being denied a proper grievance process in violation of a liberty interest. (*Id.* at 5). Therefore, Judge Cavan found that Plaintiff's factual allegations failed to present a legally cognizable claim. (*Id.*).

On October 26, 2021, Plaintiff filed objections to Judge Cavan's Findings. (Doc. 8). In that objection, Plaintiff repeated his allegations that prison officials were denying him access to specific grievance procedures and that the warden was unlawfully acting as a medical officer in the review process. (*Id.* at 2-4). The Court finds that this response does not constitute a proper objection even under the more lenient standard employed to review *pro se* submissions. Plaintiff presents no nuanced factual or legal argument to disagree with Judge Cavan's Findings and Recommendations. Without a proper objection, the Court reviews Judge Cavan's Findings and Recommendations for clear error. *Reyna-Tapia*, 328 F.3d at 1121. The Court finds no clear error in the Findings and Recommendations. Therefore,

IT IS ORDERED that the proposed Findings and Recommendations entered by the United States Magistrate Judge (Doc. 6) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Plaintiff Otmar Peter Wittine's case is dismissed with prejudice and without leave to amend for failure to state a claim

upon which relief may be granted. The docket will reflect that Wittine's filing of this action counts as one strike under 28 U.S.C. § 1915(g).

The Court certifies pursuant to Rule 24(a)(4)(B) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

IT IS FURTHER ORDERED that, having dismissed Wittine's case for failure to state a claim, Wittine's Motion to Appoint Counsel (Doc. 9), filed November 10, 2021, is denied as moot.

DATED this 16th day of November, 2021.

SUSAN P. WATTERS
United States District Judge